11-3588
Sha v. Holder

BIA
A098 027 567

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

_____

YI SHA,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-3588
NAC

_____

FOR PETITIONER: John Z. Zhang, New York, N.Y.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Cindy Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Sha, a native and citizen of the People's Republic of China, seeks review of an August 30, 2011, order of the BIA denying his motion to reopen. *In re Yi Sha*, No. A098 027 567 (B.I.A. Aug. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). It is well established that the BIA may deny an alien's motion to reopen for failure to demonstrate his *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish eligibility for asylum, an applicant, like Sha, who does not rely on past persecution must demonstrate a well-founded fear of future persecution. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006); 8 U.S.C. § 1101(a)(42). "[T]o establish a well-founded fear of persecution in the absence of any evidence of past

persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam).

Sha argues that he demonstrated that Chinese authorities were likely to become aware of Sha's Falun Gong practice based on his affidavit and letters from his wife and friend, which stated that he would continue to practice Falun Gong in China, and background material indicating that the Chinese government had banned Falun Gong since 1999 and continually mistreated its practitioners. The BIA reasonably found that this evidence failed to show that Chinese authorities are likely to become aware of his practice of Falun Gong because it does not discuss whether authorities currently attempt to identify and monitor, as they once did, the millions of Falun Gong practitioners in China. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (noting the need for "reliable, specific, objective" evidence to demonstrate an objectively reasonable fear of persecution); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)(per curiam)(holding that a fear

3

is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Accordingly, the BIA did not abuse its discretion when it denied Sha's motion based on his failure to demonstrate his *prima facie* eligibility for relief.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008); *see also Hongsheng Leng*, 528 F.3d at 143.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4